Jordan Deckenbach
Wyoming State Bar No. 8-7207
Assistant Federal Public Defender
104 S. Wolcott Str., Ste 550
Casper, WY 82601
307-772-2781
Jordan.Deckenbach@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>SARAH WARD,<br><br>            Defendant. | Case No. 24-CR-66-KHR |

## UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

Defendant Sarah Ward through her attorney, Assistant Federal Public Defender Jordan Deckenbach, moves this Court to set trial in this matter beyond the time limits set forth in 18 U.S.C. § 3161 *et seq.* and 18 U.S.C. § 3164 *et seq.* ("Speedy Trial Act"). Specifically, Ms. Ward asks this Court to extend the trial date for 45 days from the current trial date of August 5, 2024, to a date and time convenient for the Court. This extension is necessary as the defense needs additional time to receive and review discovery prior to trial or, in the alternative, resolve the case with a plea deal.

Counsel for Ms. Ward has conferred with Assistant United States Attorney Mackenzie Morrison regarding this request, and AUSA Morrison indicated that the Government has no objection to this motion. Counsel also conferred with the co-defendant's counsel who advised he and his client had no objection to a continuance of the trial date.

## I.     Background

Ms. Ward was indicted on May 16, 2024, on one count of conspiracy to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)), and one count of possession with intent to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (ECF No. 1.) Ms. Ward was taken into federal custody on May 28, 2024. (ECF No. 21.) Her initial appearance was held on May May 29, 2024, before Magistrate R. Michael Shickich and defense counsel entered his appearance that same day. (ECF No. 9 & 13.)  Ms. Ward's arraignment and detention hearing was held on June 3, 2024. (ECF No. 16.)  Jury trial is set for August 5, 2024. (ECF No. 18).  The Government timely provided initial discovery on June 14, 2024, however, outstanding discovery is still pending.

## I.     Argument

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the Defendants' initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, Speedy Trial deadlines are not immutable, and the Act sets forth an extensive list of reasons allowing for periods of delay, which are

excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). A district court may exclude from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or her counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice continuance, the court must make its findings on the record. *Zedner v. United States*, 547 U.S. 489, 507 (2006); 18 U.S.C. § 3161(h)(8)(A).

This extension is necessary because Ms. Ward is entitled to the effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Effective assistance of counsel also includes the ability for the defendant to thoroughly review all discovery with her attorney so that intelligent decisions can be made regarding motions and to evaluate whether to go to trial or enter a plea. Counsel has been diligent as possible in investigating this case however, the defense requires additional time to review voluminous forensic phone evidence and conduct an independent investigation of the information reviewed. The defense will need to do the same for additional outstanding discovery from the Government. After such review, the defense may also need to consult and retain experts and evaluate any pretrial litigation issues from the reviewed evidence.

Specifically, the Government is possession of phone data evidence that includes 56,650 text messages. Of these text messages, Government investigators indicate that they believe 18,675 of the messages are relevant to their investigation. Only select text messages have been shared with the defense in law enforcement reports. In order to access and view all the text messages within the phone data possessed by the Government, the defense will need to establish a series of visits to the Government's forensic lab. These visits are currently being coordinated with the law enforcement agent who possesses the phone evidence. Such a review is necessary prior to determining whether a trial or a plea deal is advisable in this case. If the defense determines a trial is advisable, it may also be necessary for the defense to consult with and possibly retain their own forensic expert.

Additionally, the Government is testing suspected narcotics that are related to this case. These tests have not yet been completed by the Government laboratory, nor have reports about these tests been provided to the defense. Once the testing is complete and the relevant reports are received, the defense will require additional time to review that information and potentially consult with an expert to determine if their services will be necessary in preparation of a potential trial.

Once all the outstanding discovery is received and reviewed, the defense will need additional time to continue its own independent investigation and conduct witness interviews. The defense will also need adequate time for the defendant to review the discovery and meet with counsel to discuss the potential for filing meritorious pre-trial motions, or whether it is more advisable to enter a plea deal.

Denying Ms. Ward's request for an extension would result in a miscarriage of justice by forcing Ms. Ward to trial without adequate pretrial preparation. 18 U.S.C. § 3161(h)(7)(B)(i). Thus, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Ms. Ward will not be prejudiced by granting this motion as she is on pretrial release and consents to this continuance.  The co-defendant, whose counsel entered their appearance only 11 days ago, also consents to this continuance.

Accordingly, Ms. Ward asks that this Court extend the trial date for 45 days and exclude this time from the Speedy Trial Act Calculation.

DATED this 16th day of July 2024.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
> */s/ Jordan Deckenbach*
> Jordan Deckenbach
> Assistant Federal Public Defender

CERTIFICATE OF SERVICE

    I hereby certify that on July 16, 2024 the foregoing was electronically filed and consequently served on counsel of record.

                                            */s/ Jordan Deckenbach*
                                            Jordan Deckenbach