Jordan Deckenbach
Wyoming State Bar No. 8-7207
Asst. Federal Public Defender
104 South Wolcott Street, Suite 550
Casper, Wyoming 82601
307-772-2781
Jordan.Deckenbach@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>SARAH WARD,<br><br>                Defendant. | Case No. 24-CR-66-KHR |

### MOTION FOR CONTINUED RELEASE PENDING SENTENCING

Defendant Sarah Ward, through her attorney, Jordan Deckenbach, Assistant Federal Public Defender, moves the Court for an order for Ms. Ward's continued release prior to sentencing as there are clear exceptional reasons for doing so.

Counsel has conferred with Assistant United States Attorney Mackenzie Morrison. AUSA Morrison stated the Government will defer to the Court in its application of 18 U.S.C. §§ 3143(a) and 3145.

## LEGAL STANDARD

Ms. Ward concedes that a plea of guilty to 21 U.S.C. §§ 841 (a)(1), (b)(1)(C) subjects her to detention pursuant to section 3143(a)(2). However, "a person subject to detention pursuant to section 3143(a)(2) ... and who meets the conditions of release set forth in section 3143(a)(1) [not likely to flee or pose a danger to the community], may be ordered released ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

"[E]xceptional means clearly out of the ordinary, uncommon, or rare." *United States v. Mutte,* 383 F. App'x 716, 718 (10th Cir. 2010) (quoting *United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007)). Courts must engage in a "case by case" evaluation, and "[t]he district court has broad discretion ... to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct" when determining if release is appropriate. *Mutte,* 383 F. App'x at 718 (quoting *United States v. Garcia,* 340 F.3d 1013, 1018 (9th Cir. 2003)).

## ARGUMENT

While on pretrial release, Ms. Ward has demonstrated that she is not a flight risk. Ms. Ward has strong ties to Wyoming, including her ailing father who she lives with and helps care for. When Ms. Ward is finished with work, she also provides for childcare for her niece and two nephews aged 10, 6 and 5 from 5:30 p.m. to 7:30 p.m. so her sister-in-law can continue to work at her job after the kids get out of school.

Ms. Ward is motivated to stay in the district to spend time with her family prior to incarceration, especially with those she anticipates might not be alive when she is finally released from the Bureau of Prisons (BOP). Ms. Ward has also remained in contact with her attorney, her probation officer and has made all required court appearances and appointments. Ms. Ward has proven she is not a flight risk.

Ms. Ward has also abided by all conditions fashioned to ensure she is not a danger to the community. Since Ms. Ward's release in the instant case, she has fully complied with all conditions imposed by the Honorable Magistrate Judge Michael Shickich. While on pretrial release, Ms. Ward secured employment as a master electrician and has become a valuable member of the team that is building the Meta complex in Cheyenne. (See Exhibits 1, 2 & 3.) Ms. Ward has also maintained her sobriety through the Volunteers of America (VOA) MAT Program where she is routinely drug tested and administered medication. Ms. Ward has also continued to meet with her VOA counselor as part of routine sobriety maintenance meetings. Ms. Ward has demonstrated that she is dedicated to following the conditions of pretrial release and in doing so, is not a danger to the community.

Finally, Ms. Ward should be permitted to stay out of custody so she can continue to pursue getting important dental work performed prior to going into the BOP. During her pretrial release, Ms. Ward began taking care of previously neglected medical issue, to include dental pain. After a visit to the dentist, she discovered she had ten large cavities and significant tooth decay. Ms. Ward is halfway through a regime of appointments with her dentist, Dr. Chad Christiansen

of Sunlight Dental in Cheyenne, Wyoming. These appoints have repaired half of her teeth through the application of dental composite. She can complete the treatment, if she remains out of custody, through appointments currently scheduled for October 31st, November 12th and November 26th, 2024.

Ms. Ward's dental issues have caused her some considerable pain and impacted her ability to eat normally. To prepare herself for an extended period of incarceration, Ms. Ward has taken proactive steps to secure the needed dental care that will not otherwise be readily accessible in jail or the BOP. Due to the cost of the dental care, and the fact that she does not have dental insurance through her employer, Ms. Ward has had to save up and pay out of pocket for the expensive procedures that are fixing her teeth. She has successfully done so and hopes to reap the benefits of her efforts prior to being incarcerated.

One factor Courts have considered as exceptional is when detention imposes an unusually harsh effect of a personal nature not typically experienced by an individual facing incarceration. *United States v. Garcia,* 340 F.3d 1013, 1018 (9th Cir. 2003)). Ms. Ward faces the harsh effects of not being able to complete her dental care for an extended period of time if she is not permitted to get her treatments completed while awaiting sentencing.

Currently the Scottsbluff Detention Center will not provide her the needed dental care as stay there is not expected to be incarcerated there longer than 6 months. Without the completion of the dental care, Ms. Ward will continue to suffer unnecessary pain, as well as discomfort, while eating. Once at the Bureau of Prison,

4

Ms. Ward will need to request the dental care through her BOP case worker. This will then trigger a request for a screening by a dental provider and follow on appointments that can take many months to arrange. During this delay Ms. Ward will continue to unnecessarily suffer from her unrepaired teeth.

Ms. Ward's dental issue and her ability to receive the necessary care if permitted to stay out of custody pending sentencing is clearly out of the ordinary and uncommon when compared to most defendants who come before this Court. Ms. Ward therefore asks the Court to find these circumstances are an exceptional reason under which Ms. Ward should be permitted to remain on bond prior to sentencing.

DATED this 16th day of October 2024.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender

        */s/ Jordan Deckenbach*
        JORDAN DECKENBACH
        Assistant Federal Defender

CERTIFICATE OF SERVICE

    I hereby certify that on October 16, 2024, the foregoing was electronically filed and consequently served on counsel of record.

                                                      */s/ Jordan Deckenbach*
                                                      Jordan Deckenbach